UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    5:05-cr-30-Oc-10GRJ

JOSE ISABEL GALARZA-ESCOBAR
_____

### REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Order of Reference (Doc. 216) to determine whether Attorney Jerome Lee's *pro hac vice* admission should be revoked and whether a sanction or sanctions should be imposed as a result of Mr. Lee's failure to appear before this Court on two occasions without prior permission from the Court. On March 21, 2006 the Court conducted a hearing during which Jerome Lee, counsel for Defendant, was present and responded to questioning by the Court.

For the reasons discussed below, the Court recommends that Attorney Lee be permitted to continue to represent the Defendant in this case and that Mr. Lee's admission *pro hac vice* not be revoked.

### DISCUSSION

Defendant first appeared before the Court on August 22, 2005 for an initial appearance after his arrest. Initially, Michael Johnson appeared with the Defendant as retained counsel. On October 27, 2005 Jerome Lee, Esq., an attorney with the law firm Hernan Taylor & Lee of Roswell, Georgia, filed a motion for *pro hac vice* admission

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

(Doc. 131) and a notice of substitution of counsel. (Doc. 132.) The Court granted both motions and permitted Jerome Lee to appear *pro hac vice* and authorized Mr. Lee to substitute as counsel in the place of Michael Johnson. (Docs. 133 & 134.) Thereafter, the Court scheduled an evidentiary hearing on a motion to suppress that had been filed before Mr. Lee replaced Mr. Johnson as counsel. Before the hearing, Mr. Lee withdrew the motion to suppress (Doc. 161.) At a status conference on December 19, 2005 the Court continued the trial of this case until the February 2006 trial term.

A final status conference before trial was duly scheduled for January 19, 2006. Mr. Lee did not appear for the hearing. However, before the hearing Mr. Lee filed a written notice advising that he was unable to attend the status conference due to a conflict and announced that he was ready for trial. At the status conference on January 19, 2006 one of the other attorneys present for another Defendant advised the Court on behalf of Mr. Lee that Mr. Lee was ready for trial.

Before the February trial term commenced two of the Defendants (Mr. Johnson and Mr. Muse) requested a continuance of the trial. Mr. Lee joined in this motion (Doc. 177) and the Court granted the respective motions for continuance and rescheduled the trial for the March 6, 2006 trial term. (Doc. 178.)

On February 24, 2006 pursuant to notice the Court conducted a status conference. Mr. Lee again failed to appear and again failed to obtain permission from the Court to be excused from attending the hearing. Indeed, this time Mr. Lee did not file any motion or notice with the Court nor did he - or anyone from his law firm - contact the Court to advise that Mr. Lee was not going to attend the February 24, 2006 status conference. As a consequence of Mr. Lee's failure to appear the Court issued an Order

To Show Cause (Doc. 185) to which Mr. Lee filed a response (Doc. 192.) Because Mr. Lee's response failed satisfactorily to explain his absence from the hearings, the undersigned scheduled a hearing and directed Mr. Lee personally to appear and explain the reasons for his absence from these proceedings.

Mr. Lee appeared before the Court and was apologetic to the Court and assured the Court that he would appear as required in all further proceedings. More importantly, Mr. Lee confirmed to the Court that he and his law firm were committed to doing everything necessary to insure continued and adequate representation of the Defendant, whether the case was resolved by plea or whether the case was to proceed to trial. Mr. Lee further advised the Court that he and one of the other partners in his firm had both met with the Defendant prior to the hearing to further discuss the case with their client and that based on these discussions Mr. Lee believed it was highly likely that the case would resolve through a plea. Counsel for the Government confirmed to the Court that the Government was prepared to send to Mr. Lee a proposed plea agreement for his review and to pursue discussions of a plea.

The Court questioned Mr. Lee with regard to the reasons for his absence at the status conferences on January 19, 2006 and February 24, 2006. Mr. Lee represented that he did not attend the January 19, 2006 status conference because of a conflict with a court proceeding in Georgia. However, before the January 19, 2006 status conference Mr. Lee filed a notice of conflict and represented that he was ready for trial. Moreover, Mr. Lee contacted counsel for one of the other Defendants, who was appearing at the hearing, and instructed counsel to confirm to the Court that Mr. Lee was ready for trial.

With regard to the February 24, 2006 status conference M. Lee repeated the substance of the information contained in the response to show cause as well as providing more particular information as to the reason for his failure to attend the February 24, 2006 hearing. Mr. Lee represented that on February 24, 2006 he attended a hearing before the Honorable Stephen Franzen, a judge of the state court in Winnett County, Georgia in an emergency juvenile matter involving a fourteen year old girl. Mr. Lee's client was Maria Vasquy and the proceeding took place in case number 05-1899 pending in the state court for Winnett County. The reason Mr. Lee attended that hearing instead of the hearing before this Court was due to the unexpected absence of the other attorneys from his firm, which included the death of a family member of one of Mr. Lee's partners. Mr. Lee admitted to the Court that he should have filed an emergency motion with this Court to be excused from the hearing but he did not do so as a result of poor judgment. Moreover, Mr. Lee incorrectly assumed that his appearance at the status conference was a *pro forma* matter in view of the fact that he already had filed a notice with the Court before the last status conference announcing that he was ready for trial.

Mr. Lee also assured the Court that he and his law firm were experienced in criminal cases in federal multi-defendant drug conspiracies.[2]  Mr. Lee provided to the Court several examples of other cases in federal courts in Georgia where he and his law firm represented defendants in federal drug cases. Mr. Lee confirmed and

---

[2] Mr. Lee is a graduate of Harvard University and Stanford law school although he has been admitted to the Bar only since 2000. (*See,* Doc. 131.) While this information supports Mr. Lee's representation that he is qualified to represent the Defendant, the fact that Mr. Lee only has been practicing law for five years may explain Mr. Lee's cavalier approach to his appearances before the Court.

committed to the Court that his failure to appear was a lapse in judgment and that under no circumstances would it happen again.

Pursuant to Rule 2.04(a) of the Local Rules an attorney admitted to appear specially to represent a defendant, as is the case with Mr. Lee, may be disbarred, suspended, reprimanded, or subjected to such other discipline as the Court may deem proper. Ultimately, the determination of whether disciplinary action should be taken is subject to the discretion of the Court. In a criminal case, such as this, the primary focus of the Court is to ensure that a defendant is receiving effective assistance of counsel. Based upon the colloquy with Mr. Lee at the hearing and based upon the other matters developed on the record, the Court concludes that Mr. Lee's failure to appear at the two status conferences - while inexcusable - has not resulted in any adverse consequences for the Defendant. Moreover, the Court concludes that the continued representation of Defendant by Mr. Lee is appropriate and that if the Court was to revoke Mr. Lee's admission *pro hac vice* at this juncture the Defendant may be deprived of his counsel of choice. Accordingly, for these reasons it is respectfully **RECOMMENDED** that the Court not revoke Mr. Lee's admission *pro hac vice*.

With regard to whether sanctions should be imposed against Mr. Lee, the Court concludes that Mr. Lee was candid, remorseful and apologetic with the Court as to the reasons for his failure to appear.  And, more importantly, the Court is convinced that Mr. Lee will attend all further proceedings and that he will vigorously represent the interests of his client in this case. Although Mr. Lee's conduct could support a public reprimand for failing to notify the Court prior to February 24, 2006 that he had an irreconcilable conflict the Court concludes that the public record of the order to show cause, Mr. Lee's

public appearance before this Court to explain his conduct and the comments in this Report and Recommendation are a sufficient sanction to punish Mr. Lee for his cavalier approach to appearances before this Court and are sufficient to ensure that Mr. Lee's conduct does not reoccur before this Court. Accordingly, it is respectfully

**RECOMMENDED** that the Court not impose any further sanctions against Mr. Lee.

**IN CHAMBERS** in Ocala, Florida, on this 30th day of March, 2006.

*[signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:
    United States (Boggs)
    Jerome Lee, Esq.
    Counsel of Record

    Honorable Wm. Terrell Hodges
    Senior United States District Judge